**SHERRY DESIGNS, INC., Petitioner,**

v.

**STATE BOARD OF TAX COMMISSIONERS, Respondent.**

**No. 49T10–9110–TA–00055.**

Tax Court of Indiana.

March 16, 1992.

Robert W. Mysliwiec, Jones, Obenchain, Ford, Pankow & Lewis, South Bend, Jay P. Kennedy, Kroger, Gardis & Regas, Indianapolis, for petitioner.

Linley E. Pearson, Atty. Gen., Ted J. Holaday, Deputy Atty. Gen., Indianapolis, for respondent.

FISHER, Judge.

The Respondent, State Board of Tax Commissioners (State Board), moves to dismiss the Petitioner's, Sherry Designs, Inc. (Sherry), original tax appeal for lack of jurisdiction pursuant to Ind.Rules of Procedure, Trial Rule 12(B)(1). The State Board's motion asserts Sherry did not meet the statutory requirements to invoke this court's jurisdiction to hear an appeal of a final determination of the State Board.

**FACTS**

■ Sherry, by its accountant,[1] filed this action by mail on October 21, 1991, forty-six (46) days after the State Board entered and mailed its final determination.[2] Sherry's accountant also mailed identical communications on October 21, 1991, to the Attorney General of Indiana and to the Elkhart County Assessor that stated: "Gentlemen: In accordance with IC 6–1.1–15.5 Sec. 5 [sic] of Indiana Revenue Code [sic] I have filed the enclosed appeal with the Indiana State Tax Court [sic]. Yours Truly, [name omitted], CPA." *Respondent's Exhibit 1.* Neither communication, however, contained a copy of the complaint filed with the court.

1. With only limited exceptions, a corporation must be represented by an attorney in a civil action. IND.CODE 34–1–60–1. Any defect in these proceedings caused by a non-attorney, the accountant purporting to represent Sherry, filing Sherry's original tax appeal is cured by the subsequent appearance of counsel. *Christian Business Phone Book, Inc. v. Indianapolis Jewish Community Relations Council* (1991), Ind.App., 576 N.E.2d 1276, 1277. Nonetheless, the harsh result in this case might have been avoided if Sherry had been represented by counsel from the outset.

2. An original tax appeal must be filed within forty-five (45) days after the State Board gives notice of its final determination. IND.CODE 6–1.1–15–5. In the case at bar, the forty-fifth (45th) day was a Sunday; therefore, if timely filing with the clerk of the court were the sole requirement, this case would properly invoke the tax court's jurisdiction. *See* Ind.Rules of Procedure, Trial Rule 6(A).

## DISCUSSION AND DECISION

The Indiana Tax Court has exclusive original jurisdiction to hear any case that arises under the tax laws of Indiana and is an initial appeal of the State Board's final determination. IND.CODE 33-3-5-2(a). "If a taxpayer fails to comply with any statutory requirement for the initiation of an original tax appeal, [however,] the tax court does not have jurisdiction to hear the appeal." IND.CODE 33-3-5-11(a). The legislature enacted specific statutory requirements to invoke the tax court's jurisdiction to hear an original tax appeal regarding the assessment of tangible property:

(c) If a person desires to initiate an appeal of the state board of tax commissioners' final determination, the person shall:

(1) file a written notice with the state board of tax commissioners informing the board of his intention to appeal;

(2) file a complaint in the tax court; and

(3) *serve the attorney general and the county assessor with a copy of the complaint.*

(d) To initiate an appeal under this section, a person must take the action required by subsection (c) within:

(1) *forty-five (45) days after the state board of tax commissioners gives the person notice of its final determination....*

IND.CODE 6-1.1-15-5 (emphasis added).

Sherry did not serve the Attorney General and the Elkhart County Assessor with a copy of its complaint as notice of its original tax appeal within the forty-five (45) day limitation period. The State Board therefore contends Sherry failed to invoke this court's jurisdiction to hear its appeal.

On the other hand, Sherry contends that it substantially complied with the statutory prerequisites contained in IC 6-1.1-15-5, and the court therefore should find it has jurisdiction to hear this case. As authority for the proposition that notice is sufficient if it substantially complies with the applicable statute, Sherry cites *Board of Trustees of Winamac v. Henry* (1991), Ind.App., 576

N.E.2d 614, *trans. denied* and *Indiana State Highway Comm'n v. Morris* (1988), Ind., 528 N.E.2d 468. Although its complaint was not properly served, Sherry argues its communications sent to the Attorney General and the Elkhart County Assessor informed them of the appeal within the limitation period. Sherry concludes its communications, therefore, substantially complied with the notice requirement.

Regardless of the persuasive or precedential authority of these cases, Sherry's communications fail to substantially comply. The communications merely informed the agencies that an appeal had been initiated in the tax court. Neither one identified Sherry as the petitioner nor referred to Sherry anywhere on its face, not in the letterhead, not in the body, and not in the signature at the end. Without knowledge of the identity of the petitioner, much less the nature of the claim, the agencies could not promptly investigate the claim. Indeed, our adversary system is not furthered by making one opponent shadowbox.

"A taxpayer who skips a procedural step on the exclusive path to the courthouse door, is locked out of the [ ] forum." *Harlan Sprague Dawley, Inc. v. Indiana Dep't of State Revenue* (1991), Ind.Tax, 583 N.E.2d 214, 224. Consequently, because Sherry did not comply, either fully or substantially, with the statutory notice requirements of IC 6-1.1-15-5(c)(3) and (d)(1), and because the notice requirements are jurisdictional under IC 33-3-5-11(a), the court finds Sherry failed to invoke this court's jurisdiction to hear its appeal.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the Indiana Tax Court does not have jurisdiction to hear this appeal and the case is hereby DISMISSED.