**Richard C. MYNSBERGE, Petitioner,**

v.

**STATE BOARD OF TAX COMMISSIONERS, and William R. Ogle, Individually and in his Capacity as Elkhart County Assessor, Respondents.**

No. 20T10–9211–TA–00095.

Tax Court of Indiana.

April 23, 1993.

Robert W. Mysliwiec, Jones Obenchain Ford Pankow & Lewis, South Bend, for petitioner.

Pamela F. Carter, Atty. Gen. of Indiana and Joel Schiff, Deputy Atty. Gen., Indianapolis, for the State Board of Tax Com'rs.

Michael F. DeBoni and B. Douglas Hayes, Yoder Ainlay Ulmer & Buckingham, Goshen, for William R. Ogle.

FISHER, Judge.

This is an appeal from a final determination of the Respondent State Board of Tax Commissioners (the State Board) assessing an Elkhart County office building owned by the Petitioner, Richard Mynsberge, for the March 1, 1989, assessment. The State Board has raised an affirmative defense alleging lack of subject matter jurisdiction over Mynsberge's appeal. The sole issue for the court is whether the rule enunciated in *Elizondo v. Read* (1992), Ind., 588 N.E.2d 501, governing the scope of county auditors' duty to ascertain alternate addresses for taxpayers, applies to the State Board.

## FACTS

The evidence presented at the hearing on the State Board's affirmative defense reveals Mynsberge is a certified public accountant in Elkhart. He is the owner of the subject property in Nappanee, and on August 31, 1990, he filed his Form 131 for review of assessment on the Nappanee property. The petition contained both Mynsberge's Elkhart office address and the Nappanee address of the subject property. In March of 1991, State Board hearing officer Roger Zentz viewed the subject property with Mynsberge. On June 1, 1991, Mynsberge moved his office from one Elkhart address to another. He did not inform Zentz or any other State Board employee involved in the present case of the move, but he did leave a forwarding order, valid for one year, with the local postal authorities. Moreover, in his capacity as a taxpayer's representative,[1] Mynsberge corresponded with other State Board officials, using letterhead stationery with his new office address.

On July 10, 1992, the State Board entered its final determination on Mynsberge's petition for review and sent Mynsberge a copy at the old office address. The postal service returned the copy, however, because Mynsberge's forwarding order had expired several weeks earlier, on June 1, 1992. State Board personnel placed the copy in the office file, known as a "hearing jacket," which had been established for the subject property, and took no further action.

In the fall of 1992, the Elkhart County Treasurer sent Mynsberge the tax statement for the subject property. The treasurer mailed the statement to the subject property and Mynsberge received it without incident. A few days later, on October 7, 1992, Mynsberge telephoned the State Board to inquire why he had never received a final determination on his petition for review. The State Board employee Mynsberge spoke to said the returned copy of the final determination, in its original envelope, was in the file. Mynsberge then asked her to mail the copy to him at his new office. He received the copy in a new envelope the next day, October 8, 1992, and filed this action thirty-five days later on November 12, 1992.

---

1. Mynsberge was involved in a number of cases, one of which, *Sherry Designs, Inc. v. State Board of Tax Commissioners* (1992), Ind.Tax, 589 N.E.2d 285, eventually reached this court.

## DISCUSSION AND DECISION

The State Board's affirmative defense is predicated on IND. CODE 6–1.1–15–5(d), which allows forty-five days for an affected taxpayer to appeal a final determination of the State Board to this court. "If a taxpayer fails to comply with any statutory requirement for the initiation of an original tax appeal, the tax court does not have jurisdiction to hear the appeal." IND. CODE 33–3–5–11(a). *See also Sherry Designs, Inc. v. State Bd. of Tax Comm'rs* (1992), Ind.Tax, 589 N.E.2d 285, 286.

Because the State Board issued its final determination on July 10, 1992, and Mynsberge did not file this appeal until November 12, 1992, more than 120 days later, the State Board claims the court lacks subject matter jurisdiction. The State Board is correct that the time from the issuance of the final determination to the filing of the appeal exceeded the statutory allowance. That is not the end of the matter, however, because constitutional due process concerns mandate further inquiry.

The issues raised by the State Board's affirmative defense mirror those raised in *Elizondo*, 588 N.E.2d 501, and in *Centrium Group v. State Board of Tax Commissioners* (1992), Ind.Tax, 599 N.E.2d 242. In both the earlier cases, the taxpayer, like Mynsberge, did not reside at the subject property address. Both previous taxpayers failed to apprise the county auditors of their proper address, and the county treasurer therefore sent the tax statements to the wrong address. After losing the subject property to a tax sale in *Elizondo* and paying a large penalty in *Centrium Group*, each taxpayer appealed, arguing due process required the county auditors to check outside their own office records to find the correct address. In resolving the question against the taxpayer in *Elizondo*, the supreme court stated:

> Like information in possession of other public officials, knowledge of information contained in records maintained by a county auditor may be imputed to the auditor. This means that the Auditor will be considered to have been aware of any address for the [taxpayer] that is contained in the auditor's own records to the extent that the alternate listing linked the persons therein to the property upon which taxes were delinquent. This also suggests, however, that the auditor does not have knowledge of, nor should be required to seek knowledge of, information contained in records or documents not routinely maintained by and within the auditor's office. For example, contrary to the [taxpayer's] argument, the auditor should not be required to resort to the most recent telephone directories to ascertain a different address, nor should the auditor be required to search the records of other offices such as the recorder or the court clerk. All that is required is that the auditor send notice to the owner's last known address, that is, the last address of the owner of the specific property in question of which the auditor has knowledge from records maintained in its office.
>
> . . . .
>
> Certainly, the auditor must ascertain from the records which he keeps and maintains any alternate addresses for the owner of the specific piece of property at issue. Due process, however, does not require the auditor to engage in speculation as would be the case when there is nothing to link alternative address[es] to the property at issue.

*Elizondo*, 588 N.E.2d at 504–05.

■ The constitutional concerns underlying *Elizondo* are equally valid when the public authority in question is the State Board as when it is a county auditor. Regardless of which government entity is providing notice of action taken or to be taken, " '[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to appraise interested parties … and afford them an opportunity to present their objections.' " *Id.* at 503 (quoting *Mullane v. Central Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 314–15, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873). The court therefore holds the supreme court's

analysis in *Elizondo* applies in cases involving the State Board.

Accordingly, when the postal service returns a final determination undelivered, the State Board is required to ascertain from its records whether any alternate address linking the subject property to the taxpayer or the taxpayer's representative exists. If there is such an address, the State Board must then attempt to deliver the final determination to that alternate address. In accord with *Elizondo*, however, the State Board need not engage in speculation, as would be required if there were nothing to link the alternate address to the subject property. Moreover, the State Board is not required to search or inquire outside its office to find an alternate address.

██ In the case at bar, Mynsberge took no more steps to protect himself than did the taxpayers in the earlier cases. The fact that he used his new office address in correspondence with the State Board concerning other cases with other subject properties is not dispositive. Without some link, the State Board as an entity simply cannot be expected to know that the new address of Richard Mynsberge, the taxpayer in "Case A," is the same as that of Richard Mynsberge, the taxpayer's representative in "Case B," or even that the names refer to the same person. The State Board was not required to search all its files to find the correct Mynsberge.[2]

Even though there was nothing to link the subject property to Mynsberge at his new office address, the State Board nonetheless had an alternate address available. On a single sheet of paper, Mynsberge's petition for review contained not only his old office address, but the mailing address of the subject property, as well. It goes without saying that here was an alternate address intimately and inherently linked to the subject property. When the final determination was returned undelivered to Mynsberge's old office address, the State Board should then have used the address of the subject property to send the final determination to Mynsberge a second time. The State Board's failure to take this minimal and reasonable step left Mynsberge with constitutionally deficient notice under *Elizondo*, and is therefore in violation of the notice contemplated by IC 6–1.1–15.[3]

██ If the State Board fails to give a taxpayer required notice of a final determination or other action, the taxpayer's tax statement from the county treasurer serves as notice and starts the forty-five day limitations period for appeals. IND. CODE 6–1.1–15–13[4]. Because the State Board failed to give Mynsberge the required notice of its July 10, 1992, final determination, the forty-five day period began to run on October 2, 1992, when Mynsberge received the tax statement for the subject property. Accordingly, the filing of this appeal on November 12, 1992, was timely, this court has subject matter jurisdiction to hear the appeal, and the State Board's affirmative defense is DENIED.

---

**2.** If, however, Mynsberge had asked someone from the State Board involved in "Case B" to change his address for "Case A," the necessary link would be established.

**3.** Without some link, the State Board would be under no further obligation if the mailing to the subject property were to be returned undelivered, as was the case in *Centrium,* 599 N.E.2d at 242–43. In the case at bar, however, the address of the subject property is demonstrably appropriate because Mynsberge received the tax statement sent to that address.

**4.** If the State Board fails to take any action on a petition, IND.CODE 6–1.1–15–4(e) establishes the rules for appeal.