INDIANA MODEL CO., INC.; Goshen Cushion; and Precision Plastics (a/k/a Precision Realty Corp.), Petitioners,

v.

STATE BOARD OF TAX COMMISSIONERS, Respondent.

Nos. 49T10–9401–TA–00004 to 49T10–9401–TA–00006 [1].

Tax Court of Indiana.

Aug. 25, 1994.

1. In these three cases, each petitioner is challenging one or several of the State Board's property tax assessments for tax years 1989, 1990, 1991, and 1992. While each case presents separate issues, the State Board's motions to dismiss under Ind.Trial Rule 12 are common to all three cases. Accordingly, this order governs the disposition of the motions for each case.

velope, the original and four copies of each Taxpayer's notice of intent to appeal, petition, and summons, in the United States mail, on January 3, 1994. The envelope was addressed to the Clerk of the Supreme Court, the Court of Appeals, and the Tax Court (the Clerk). Because copies of those documents were to be sent to the Attorney General, the State Board, and the appropriate county assessor pursuant to IND.CODE 6–1.1–15–5, the Taxpayers' counsel also provided the Clerk with postage paid envelopes, pre-addressed to the Attorney General, the State Board, and the county assessor, in which to send the copies. On January 11, 1994, the Clerk mailed written notice of each appeal to the State Board, as well as copies of each petition to the Attorney General and the appropriate county assessor.

Curtis J. Dickinson, Jerry L. Craig, Dickinson & Associates, Indianapolis, for petitioners.

Pamela Carter, Atty. Gen., Ted J. Holaday, Marilyn S. Meighen, Joel Schiff, Brian D. Scott, Deputy Attys. Gen., Indianapolis, for respondent.

FISHER, Judge.

The Respondent, the State Board of Tax Commissioners (the State Board), moves to dismiss the original tax appeals of the Petitioners, Indiana Model Co., Goshen Cushion, and Precision Plastics (the Taxpayers), pursuant to T.R. 12(B)(1). Specifically, the State Board asserts that the Taxpayers have not met the statutory requirements necessary to invoke this court's jurisdiction to hear appeals of State Board final determinations.

## FACTS AND PROCEDURAL HISTORY

On November 19, 1993, the State Board issued and mailed its final determinations for the 1989, 1990, 1991, and 1992 assessments of Indiana Model Co., the 1989 assessment of Goshen Cushion, and the 1989 and 1990 assessments of Precision Plastics. The Taxpayers, represented by the same counsel, appealed those final determinations to this court on January 3, 1994. More specifically, the Taxpayers' counsel deposited, in one en-

## DISCUSSION AND DECISION

I.C. 6–1.1–15–5 establishes the requirements for initiating an appeal of a State Board final determination in individual assessment cases:

(c) If a person desires to initiate an appeal of the state board of tax commissioners' final determination, the person shall:

(1) file a written notice with the state board of tax commissioners informing the board of his intention to appeal;

(2) file a complaint in the tax court; and

(3) serve the attorney general and the county assessor with a copy of the complaint.

(d) To initiate an appeal under this section, a person must take the action required by subsection (c) within:

*(1) forty-five (45) days after the state board of tax commissioners gives the person notice of its final determination*
. . .

(Emphasis added). The State Board concedes that, because the Indiana Rules of Trial Procedure apply to actions in the Tax Court under Ind.Tax Court Rule 1, the Taxpayers' petitions were timely filed with the Tax Court on January 3, 1994. *See* Ind.Trial Rule 5(E) ("filing . . . with the court . . . shall be made by . . . [m]ailing to the clerk by registered or certified mail return receipt

requested ... Filing by registered or certified mail shall be complete upon mailing.").

Nevertheless, the State Board contends that in order for this court to acquire subject matter jurisdiction, the Taxpayers must have notified both the State Board and the Attorney General of their appeals, pursuant to I.C. 6–1.1–15–5, within 45 days of the issuance of the State Board's final determination, regardless of timeliness of filing. In these cases, the State Board did not receive its notices until 55 days after the final determinations were issued. Moreover, the Attorney General did not receive its notices until the 54th and 55th day.

■ This court has held that as long as notice is timely mailed under I.C. 6–1.1–15–5, then under T.R. 5 it does not matter that the party to receive the notice does not actually receive it until after the time period has lapsed. *LeSea Broadcasting Corp. v. State Bd. of Tax Comm'rs* (1987), Ind.Tax, 512 N.E.2d 506, 509, *aff'd* (1987), Ind., 511 N.E.2d 1009. Accordingly, it does not matter that the Attorney General and the State Board received their required notices on the 54th and 55th days. What does matter, however, is whether the notices to the Attorney General, the State Board, and the county assessor were timely mailed under I.C. 6–1.1–15–5. They were not.

Ind.Trial Rule 6 provides:

In computing any period of time prescribed or allowed by ... any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed is to be included unless it is:

(1) a Saturday,

(2) a Sunday,

(3) a legal holiday as defined by state statute, or

(4) a day the office in which the act is to be done is closed during regular business hours.

In any event, the period runs until the end of the next day that is not a Saturday, a Sunday, a legal holiday, or a day on which the office is closed.

T.R. 6(A). The rule also provides that

[w]henever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, three [3] days shall be added to the prescribed period.

T.R. 6(E).

In *Lincoln v. Board of Commissioners* (1987), Ind.App., 510 N.E.2d 716, the Court of Appeals held that the three day extension, as provided for in T.R. 6(E), is added to the prescribed period at the outset of the period. *Id.* at 724. Thus, because the State Board mailed the final determinations in these cases on November 19, 1993, the Taxpayers had 48 days from November 19, 1993, in which to file their petitions with the court, file notices of intent to appeal with the State Board, and serve the Attorney General and county assessor with copies of each petition. The 48th day was January 6, 1994. The Clerk, however, did not mail the copies in the provided envelopes until January 11, 1994.

■ The Taxpayers, on the other hand, contend that T.R. 5, which provides that filing with the court is complete upon mailing the papers to the Clerk, also applies to the service upon the Attorney General and the State Board. In other words, the Taxpayers contend that notice to the Attorney General and the State Board was accomplished with the timely filing of the petitions with the Tax Court on January 3, 1994.[2]

Ind.Tax Court Rule 4 provides that "the Tax Court acquires jurisdiction over ... the State Board ... in an original tax appeal upon the filing of a petition with the clerk of the Tax Court." Once the Clerk has received the petition, he

shall promptly transmit copies of [the] petition ... to the Attorney General and to the state agency ... and shall state in

**2.** The provision in I.C. 6–1.1–15–5 that requires the county assessor be served with a copy of the complaint does not apply to taxes due before January 1, 1991. P.L. 50–1990 § 1. In the cases at bar, the issue whether the county assessors timely received copies of the petitions has not been addressed by either party. Accordingly, the court will not address that issue in this order.

accompanying transmittal letters: (1) the date on which the petition was filed; (2) the date on which the petition is being mailed to the Attorney General and the defendant state agency; and (3) the time within which these rules require a responsive pleading. *It shall not be necessary to serve summons on the Attorney General, the Department of State Revenue or the Board of Tax Commissioners in an original tax appeal in the Tax Court.*

Tax Ct.R. 4(A) (emphasis added). "Service of summons in accordance with the Trial Rules shall be required[, however,] for the Tax Court to acquire jurisdiction over any other persons ..." Tax Ct.R. 4(B).

Thus, Tax Ct.R. 4 explains how the Tax Court acquires *personal jurisdiction* over the State Board. Indeed, Tax Ct.R. 4(A) merely modifies the provisions of Ind.Trial Rule 4 for the particular circumstance of tax cases in which a state agency will always be a party.[3] I.C. 6–1.1–15–5, however, is more specific as it provides a statute of limitations and detailed procedures a taxpayer must take in order for the Tax Court to acquire *subject matter jurisdiction. See Sherry Designs, Inc. v. State Bd. of Tax Comm'rs* (1992), Ind.Tax, 589 N.E.2d 285.

 When a rule of procedure, as promulgated by the supreme court, and a statute are in conflict, the rule prevails. *Augustine v. First Fed. Sav. and Loan Ass'n of Gary* (1979), 270 Ind. 238, 241, 384 N.E.2d 1018, 1020. For the court to determine a conflict exists between a procedural rule and a statute, there need be no direct conflict. *State v. Bridenhager* (1972), 257 Ind. 699, 704, 279 N.E.2d 794, 796. Rather, it is required only that the procedural rule and the statute be incompatible to the extent both could not apply in a given situation. *Id.* This is not the case here.

The sole province of Tax Ct.R. 4 is to obviate the need for a summons in a case in which the State Board or the Indiana Department of Revenue is a party. It does not conflict with the statutory requirement that

appealing taxpayers notify the State Board, the Attorney General, and the appropriate county assessor within 45 days of the State Board's final determination. In these cases, the Clerk met his duty by forwarding a copy of the petition to the Attorney General and the State Board pursuant to Tax Ct.R. 4(A). Nothing in that rule dictates that the Clerk must forward those documents within a certain prescribed period to satisfy the Taxpayers' duty under I.C. 6–1.1–15–5.[4]

"If a taxpayer fails to comply with any statutory requirement for the initiation of an original tax appeal, the tax court does not have jurisdiction to hear the appeal." *Monarch Steel v. State Bd. of Tax Comm'rs* (1993), Ind.Tax, 611 N.E.2d 708, 710 (quoting IND.CODE 33–3–5–11(a)). *See also Mynsberge v. State Bd. of Tax Comm'rs* (1993), Ind.Tax, 612 N.E.2d 1129. The Taxpayers in these three cases have not complied with the provisions of I.C. 6–1.1–15–5. As a result, the court lacks subject matter jurisdiction to hear their cases.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the State Board's motions to dismiss are granted.

---

**3.** For a discussion on the necessity of a summons in a civil case under T.R. 4, see 1 W. HARVEY, INDIANA PRACTICE § 4.1, at 75 (2nd edition 1987).

**4.** Had the Clerk mailed the documents within the prescribed period, however, the Taxpayers' duty under I.C. 6–1.1–15–5 would be satisfied. The court is not so much concerned with *who* mails the documents, but rather that the documents are mailed *within the prescribed time period.*