COACHMEN VANS; Coachmen Industries, Inc.; Clarion Motors; and Shasta Industries, Petitioners,

v.

STATE BOARD OF TAX COMMISSIONERS, Respondent,

General Motors Corporation, Intervenor.

No. 49T10–9311–TA–00088.

Tax Court of Indiana.

Sept. 7, 1994.

Jeffrey S. Rasley, Jeffrey Jinks, Babcock & Rasley, Indianapolis, for petitioners.

Pamela Carter, Atty. Gen., Ted J. Holaday, Deputy Atty. Gen., Indianapolis, for respondent.

Stephen H. Paul, Brian S. Fennerty, Baker & Daniels, Indianapolis, for intervenor General Motors Corp.

FISHER, Judge.

Petitioners Coachmen Vans, Coachmen Industries, Inc., Clarion Motors, and Shasta Industries (the Taxpayers), appeal a final determination by the Respondent, the State Board of Tax Commissioners (the State Board), valuing their personal property for the 1992 assessment. On April 4, 1994, the Taxpayers filed with this court a motion for summary judgment pursuant to Ind.Trial Rule 56. In its response to the Taxpayers' motion for summary judgment, the State Board itself moved for summary judgment on the basis that the court lacked subject matter jurisdiction to hear the Taxpayers' case. More specifically, the State Board asserts that the Taxpayers have not complied with the statutory requirements of IND. CODE 6–1.1–15–5 necessary to invoke this court's jurisdiction to hear appeals of State Board final determinations. Because the issue the State Board raises is dispositive, the court will not address the issues the Taxpayers raise in their summary judgment motion.

## FACTS AND PROCEDURAL HISTORY

On September 27, 1993, the State Board issued its final determination for the 1992 assessment of the Taxpayers' personal property. The Taxpayers filed their original tax appeal petition with this court on November 8, 1993. Written notice of the appeal was served on the State Board and a copy of the petition was served on the Attorney General. A copy of the petition was not served on the Elkhart County Assessor.

## DISCUSSION AND DECISION

■ I.C. 6–1.1–15–5 establishes the requirements for taxpayers to appeal a final determination of the State Board:

(c) If a person desires to initiate an appeal of the state board of tax commissioners' final determination, the person shall:

(1) file a written notice with the state board of tax commissioners informing the board of his intention to appeal;

(2) file a complaint in the tax court; and

(3) serve the attorney general and the county assessor with a copy of the complaint.

(d) To initiate an appeal under this section, a person must take the action required by subsection (c) within:

(1) forty-five (45) days after the state board of tax commissioners gives the person notice of its final determination

. . .

I.C. 6–1.1–15–5(c) and (d). The State Board asserts, in its motion for summary judgment, that because the Taxpayers did not serve their county assessor with a copy of the petition, this court lacks jurisdiction to hear the case. A failure to obtain the court's jurisdiction "may be raised by the parties or the court at any point during the action including appeal." *Cooper v. County Bd. of Review* (1971), 150 Ind.App. 232, 236, 276 N.E.2d 533, 536.[1]

"A taxpayer who skips a procedural step on the exclusive path to the courthouse door is locked out of the [ ] forum." *Sherry Designs*, 589 N.E.2d at 286 (quoting *Harlan Sprague Dawley, Inc. v. Indiana Dep't of State Revenue* (1991), Ind.Tax, 583 N.E.2d 214, 224). In the case at bar, however, the Taxpayers contend that there are actually two doors by which a taxpayer may "choose" to enter the courthouse forum. More specifically, the Taxpayers cite IND.CODE 33–3–5–11, which states that "[a] taxpayer who wishes to initiate an original tax appeal must file a petition in the tax court to set aside the final determination of the department of state revenue or the state board of tax commissioners." Accordingly, the Taxpayers maintain that because they filed a petition with this court on November 8, 1993, which was all that was required of them under I.C. 33–3–5–11, the court has jurisdiction.

In essence, the Taxpayers have attempted to craft an argument by which they can slip through a "back-door" to jurisdictional relief, for they want the court to read the first sentence of I.C. 33–3–5–11 only. The gatekeeper, however, has already turned the deadbolt, as the second sentence in I.C. 33–3–5–11 provides: "[i]f a taxpayer fails to comply with *any* statutory requirement for the initiation of an original tax appeal, the tax court does not have jurisdiction to hear the appeal." (Emphasis added). The court cannot read a statute in pieces. Rather, it "must read the statute to give full effect to *every word.*" *USAir v. Indiana Dep't of State Revenue* (1993), Ind.Tax, 623 N.E.2d 466, 470 (citing *Monarch Steel Co. v. State Bd. of Tax Comm'rs* (1993), Ind.Tax, 611 N.E.2d 708, 713) (emphasis added). Thus, the court must give full effect to every word in both the first and second sentences of I.C. 33–3–5–11.

Furthermore, I.C. 33–3–5–11 is organic in nature. In other words, it establishes and organizes the administration of the tax court. While I.C. 33–3–5–11 specifically provides for the initiation of a tax appeal, I.C. 6–1.1–15–5 builds on that foundation. Indeed, it provides a limitations period and detailed procedures taxpayers must take in order for the court to acquire subject matter jurisdiction.

Statutes that apply to the same subject matter must be construed in harmony with one another. *Harlan Sprague Dawley, Inc. v. Indiana Dep't of State Revenue* (1992), Ind.Tax, 605 N.E.2d 1222, 1225 (citing *Caylor–Nickel Clinic, P.C. v. Indiana Dep't of State Revenue* (1991), Ind.Tax, 569 N.E.2d 765, 768, *aff'd* (1992), Ind., 587 N.E.2d 1311). Both I.C. 33–3–5–11 and I.C. 6–1.1–15–5 apply when determining whether the tax court has jurisdiction. As a result, I.C. 33–3–5–11 and I.C. 6–1.1–15–5 must be construed in light of one another. Accordingly, the two statutes do not provide two doors to the courthouse but rather one grand entrance.

In this case, the Taxpayers have not complied with the provisions of I.C. 6–1.1–15–5. "If a taxpayer fails to comply with *any* statutory requirement for the initiation of an orig-

---

**1.** Once again, however, this court reminds the State Board that because noncompliance with the procedural requirements of I.C. 6–1.1–15–5 is a subject matter jurisdiction failure, an Ind.Trial Rule 12(B)(1) motion is the proper method to seek the relief it desires. *See Sherry Designs, Inc. v. State Bd. of Tax Comm'rs* (1992), Ind.Tax, 589 N.E.2d 285.

inal tax appeal, the tax court does not have jurisdiction to hear the appeal." I.C. 33–3–5–11 (emphasis added). *See also Indiana Model Co. v. State Bd. of Tax Comm'rs* (1994), Ind.Tax, 639 N.E.2d 695, 698 (quoting *Monarch Steel*, 611 N.E.2d at 710). As a result, the court lacks subject matter jurisdiction to hear the Taxpayers' case.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the State Board's motion for summary judgment is granted.