**Stanley J. DZIACKO, Claimant,**

v.

**STATE BOARD OF TAX COMMISSIONERS, Respondent.**

No. 49T10–9509–SC–00093.

Tax Court of Indiana.

Dec. 22, 1995.

---

Stanley J. Dziacko, Indianapolis, pro se.

Pamela Carter, Attorney General, Ted J. Holaday, Deputy Attorney General, Indianapolis, for Respondent.

## ORDER ON MOTION TO DISMISS

FISHER, Judge.

Stanley J. Dziacko (Dziacko) appeals a final determination of the State Board of Tax Commissioners (State Board) assessing his real property.

### FACTS AND PROCEDURAL POSTURE

Dziacko owns residential real property in Marion County. On July 28, 1995, the State Board issued a final determination assessing the property. On September 12, 1995, Dziacko filed an original tax appeal with the clerk of the Indiana Tax Court (clerk). That same day, the clerk forwarded copies of the complaint to the State Board and the Attorney General. Also on that day, Dziacko mailed a copy of the complaint to the Marion County Assessor.

The case is now before the Court on the State Board's motion to dismiss under Ind.Trial Rule 12(B)(6). The State Board argues that Dziacko failed to initiate his appeal in a timely manner, and concludes that the Court lacks jurisdiction to hear the case.

### DISCUSSION AND DECISION

If a taxpayer fails to comply with any statutory requirement for the initiation of an original tax appeal, this Court does not have jurisdiction to hear the appeal. IND.CODE 33–3–5–11(a); *Monarch Steel v. State Bd. of Tax Comm'rs* (1993), Ind.Tax., 611 N.E.2d 708, 710. The statutory requirements for initiating an appeal are found in IND.CODE 6–1.1–15–5, which provides in relevant part:

(c) If a person desires to initiate an appeal of the state board of tax commissioners' final determination, the person shall:

(1) file a written notice with the state board of tax commissioners informing the board of his intention to appeal;

(2) file a complaint in the tax court; and

(3) serve the attorney general and the county assessor with a copy of the complaint.

(d) To initiate an appeal under this section, a person must take the action required by sub-section (c) within:

(1) forty-five (45) days after the state board of tax commissioners gives the person notice of its final determination . . .

There is no dispute that Dziacko complied with the requirements of I.C. 6–1.1–15–5(c). The dispute concerns whether he completed those requirements in a timely manner.

The State Board argues that I.C. 6–1.1–15–5(d) obligated Dziacko to fulfill those requirements within 45 days after it gave him notice of its final determination.[1] The State Board contends that Dziacko had until September 11, 1995, to initiate his appeal. He did not initiate his appeal, however, until September 12, 1995, the 46th day. The State Board concludes that the Court does not have jurisdiction to hear Dziacko's appeal.

The State Board is correct that Dziacko did not initiate his appeal until the 46th day. Nevertheless, the State Board has failed to consider Ind.Trial Rule 6(E)[2], which provides:

(E) Additional Time After Service by Mail. Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or other paper is served upon him by mail, three [3] days shall be added to the prescribed period.

Thus, T.R. 6(E) adds 3 days to the time period prescribed in I.C. 6–1.1–15–5(d). *See Indiana Model Co. v. State Bd. of Tax Comm'rs* (1994), Ind.Tax., 639 N.E.2d 695, 697; *Lincoln v. Bd. of Comm'rs* (1987), Ind. App., 510 N.E.2d 716, 724.

As a result, Dziacko had 48 days from the day he was given notice from the State Board, i.e. until September 14, 1995, to initiate his appeal. *See id.* Since he initiated his appeal on September 12, 1995, his appeal was

---

1. Notice is given on the day it is deposited in the mail. IND.CODE 6–1.1–36–1.

2. Indiana Trial Rules apply to actions in this Court pursuant to Ind.Tax Court Rule 1.

timely. *See id.* Therefore, the Court has jurisdiction to hear his case under I.C. 33–3–5–11.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the State Board's motion to dismiss is DENIED.