**E.L. & B.L. HOLSAPPLE, Petitioners,**

v.

**MONROE COUNTY ASSESSOR, Respondent.**

No. 49T10–0907–TA–33.

Tax Court of Indiana.

Jan. 5, 2010.

E.L. Holsapple, B.L. Holsapple, Bloomington, IN, Petitioners Appearing pro se.

Marilyn S. Meighen, Meighen & Associates, PC, Carmel, IN, Attorney for Respondent.

### ORDER ON RESPONDENT'S MOTION TO DISMISS

FISHER, J.

E.L. & B.L. Holsapple (the Holsapples) appeal the final determination of the Indiana Board of Tax Review (Indiana Board) regarding their real property assessment for the 2006 and 2007 tax years (the years at issue). The matter is currently before the Court on the Monroe County Assessor's (Assessor) motion to dismiss.

### RELEVANT FACTS AND PROCEDURAL HISTORY

On May 8, 2009, the Indiana Board issued a final determination in which it valued the Holsapples' real property for the years at issue.[1] On July 3, 2009, an appeal

---

1. The Holsapples own a duplex, a pole barn, and approximately one acre of land in Bloom- ington, Indiana.

was filed with the Clerk of the Tax Court (Clerk) challenging the final determination. On July 6, 2009, the Clerk forwarded copies of the petition to the Indiana Board and the Attorney General. That same day, the Clerk also mailed a copy of the petition and a summons to the Assessor.

On July 31, 2009, the Assessor moved to dismiss the Holsapples' appeal for lack of subject matter jurisdiction. The Court conducted a hearing on the Assessor's motion on December 14, 2009. Additional facts will be supplied as necessary.

## ANALYSIS AND OPINION

In order to obtain judicial review of an Indiana Board final determination, a taxpayer must file a petition with the Court no later than 45 days after the Indiana Board gives notice of its final determination. Ind.Code Ann. § 6–1.1–15–5(c) (West 2009). Within that prescribed time period, the taxpayer must also serve a copy of the petition on the county assessor and the attorney general, and file a written notice of appeal with the Indiana Board. *Id.* at (b)(2)-(3).

▪▪▪ The Assessor seeks to have the Holsapples' appeal dismissed because it was not timely filed pursuant to Indiana Code § 6–1.1–15–5. Indeed, the Assessor explains that the Holsapples had until June 25, 2009, to file their original tax appeal, serve her and the Attorney General with a copy of their petition, and file a written notice of appeal with the Indiana Board.[2] (*See* Resp't Br. Supp. Mot. Dismiss (hereinafter, "Resp't Br.") at 2–3 (footnote added).) *See also* Ind. Trial Rule

6(E) (adding an additional three days to the 45–day period to account for service by mail). The Assessor maintains that because the Petition was not filed until July 3, 2009, the Court lacks jurisdiction to hear the appeal.[3] (Resp't Br. at 2–3 (footnote added).) The Assessor is correct. *See Indiana Model Co. v. State Bd. of Tax Comm'rs,* 639 N.E.2d 695, 698 (Ind. Tax Ct.1994) (explaining that Indiana Code § 6–1.1–15–5 imposes a jurisdictional time limit on a taxpayer's initiation of an original tax appeal). *See also* IND.CODE ANN. § 33–26–6–2(a) (West 2009) (stating that "[i]f a taxpayer fails to comply with any statutory requirement for the initiation of an original tax appeal, the tax court does not have jurisdiction to hear the appeal").

The Holsapples maintain, however, that their petition should be deemed timely filed. More specifically, they explain that on June 22, 2009, they mailed their handwritten petition to the Clerk for filing. (Pet'r Resp. Mot. Dismiss (hereinafter, "Pet'r Resp.") at 1.) Nevertheless, on June 24, 2009, the Clerk returned the documents "for reformatting." (Pet'r Resp. at 1.) The Holsapples state that they "reformatted their documents and resubmitted them to the [ ] Clerk [ ] on July 3, 2009, along with a filing fee of $120." (Pet'r Resp. at 1.) Consequently, maintain the Holsapples, "the Court should recognize their initial submission date of June 22, 2009 and consider the reformatted petition to be an amendment to that filing."[4] (Pet'r Resp. at 2 (footnote added).)

▪▪▪ Even assuming the Holsapples' reformatted petition relates back to June 22,

---

**2.** As the named respondent, the Assessor was also to be served with summons. See Ind. Tax Court Rule 4(B).

**3.** Indiana courts possess two kinds of jurisdiction: subject matter jurisdiction and personal jurisdiction. *K.S. v. State,* 849 N.E.2d 538, 540 (Ind.2006). Subject matter jurisdiction is the power of a court to hear and determine

the general class of cases to which the proceedings before it belong. *Id.* Personal jurisdiction goes to whether appropriate process was effected over the parties. *Id.*

**4.** The Holsapples state that they "believed that the June 24 letter from the Clerk [ ] permitted them a reasonable extension to merely reformat their petition and make the

the Court still lacks jurisdiction to hear their appeal. Indeed, copies of their petition were not served upon (i.e., mailed to) the Assessor and the Attorney General, nor was notice of intent to appeal filed with the Indiana Board, until July 6, 2009—well beyond the 48–day time period mandated by Indiana Code § 6–1.1–15–5 and Indiana Trial Rule 6. *See also Indiana Model Co.*, 639 N.E.2d at 698 n. 4 (explaining that it matters not who mails the documents, but rather that the documents are mailed within the prescribed time period).[5]

technical changes required." (Pet'r Resp. Mot. Dismiss (hereinafter, "Pet'r Resp.") at 2.) The Holsapples go on to say that while they "should have requested in their reformatted petition of July 3 that the Clerk backdate the filing to June 22, [because they were representing themselves] pro se" they did not consider doing so at that time. (Pet'r Resp. at 2.)

## CONCLUSION

For the foregoing reasons, the Assessor's motion to dismiss is GRANTED.

SO ORDERED.

5. While the Holsapples state that they served a copy of their petition on the Assessor's counsel, they concede that they "neglected to include a certificate of service with the court filing[.]" (Pet'r Resp. at 3.)