**Jaklin IDRIS and Dariana Kamenova, Petitioners,**

v.

**MARION COUNTY ASSESSOR, Respondent.**

No. 49T10–1108–TA–49.

Tax Court of Indiana.

Nov. 2, 2011.

Jaklin Idris, Dariana Kamenova, Indianapolis, IN, Petitioners Appearing Pro Se.

Gregory F. Zoeller, Attorney General of Indiana, John P. Lowrey, Deputy Attorney General, Indianapolis, IN, Attorneys for Respondent.

## WENTWORTH, J.

Comes now the Marion County Assessor (Assessor) and files a Motion to Dismiss (Motion) the original tax appeal of Jaklin Idris and Dariana Kamenova (collectively Idris) pursuant to Indiana Trial Rule 12(B)(1) and Tax Court Rule 16. Specifically, the Assessor claims that Indiana Code § 33–26–6–2, Indiana Code § 6–1.1–15–5(b)(2), and Tax Court Rule 16(C) bar Idris's appeal.

### FACTS PROCEDURAL HISTORY

On June 20, 2011, the Indiana Board of Tax Review (Indiana Board) issued a final determination in which it upheld the 2006 assessment of Idris's real property. On August 3, 2011, Idris went to the office of the Clerk of the Tax Court (Clerk) to initiate a small tax case appealing that final determination.[1] In so doing, Idris provided the Clerk with four copies of a "Notice of Claim—Small Tax Case" (hereinafter, "Petition") and two copies of a "Notice of Appearance." The certificates of service on both Idris's Petition and Appearance stated:

> This is to certify that a copy of the foregoing [Petition] was served by certified mail and/or by regular U.S. Mail, postage prepaid on this 3rd day of August, 2011 upon the following:
>
> Attn: Mr. Greg Bowes
>
> Marion County Assessor
>
> Room 1360, City–County Building
>
> 200 E. Washington Street
>
> Indianapolis, IN 46204

1. Idris's appeal was subsequently transferred to this Court's plenary docket.

(*See* Petrs' Notice of Claim—Small Tax Case; Petrs' Appearance.) On the same day, the Clerk filed Idris's Petition and Appearance and sent a Transmittal Letter to the Indiana Board and the Attorney General consistent with the requirements of Tax Court Rule 4. The Transmittal Letter provided:

> A petition seeking to set aside final determination of the agency stated above[2] has been filed and a copy of the same is attached.
>
> The petition was filed on Aug. 3, 2011 at 4:00 ~~am~~/pm.
>
> This letter and a copy of the petition is [sic] being mailed on Aug. 3, 2011 to the addresses of the above stated.[3]
>
> The *Tax Court Rules* require a responsive pleading within thirty (30) days of the mailing of this letter.

(August 3, 2011 Transmittal Letter (footnotes and strikethrough added).) The Attorney General received a copy of Idris's Petition on either August 4 or August 5. (Hr'g Tr. at 5.)

On August 4, 2011, the Clerk issued a summons to the Assessor by certified mail, return receipt requested. On August 8, 2011, the return receipt was filed with the Court. On August 29, 2011, the Assessor filed its Motion, and on October 7, 2011, the Court held a hearing thereon. Additional facts will be supplied as necessary.

## LAW

The following statutes set forth the requirements for initiating an original tax appeal. Indiana Code § 33–26–6–2 states:

> A taxpayer who wishes to initiate an original tax appeal must file a petition in the tax court to set aside the final determination of the department of state revenue or the *Indiana board of tax review.*

If a taxpayer fails to comply with any statutory requirement for the initiation of an original tax appeal, the tax court does not have jurisdiction to hear the appeal.

IND.CODE § 33–26–6–2(a) (2011) (emphasis added). Indiana Code § 6–1.1–15–5(b) states more specifically that a party must:

> (1) file a petition with the Indiana tax court;
>
> (2) serve a copy of the petition on:
>
> > (A) the county assessor;
> >
> > (B) the attorney general; and
> >
> > (C) any entity that filed an *amicus curiae* brief with the Indiana board; and
>
> (3) file a written notice of appeal with the Indiana board informing the Indiana board of the party's intent to obtain judicial review.

IND.CODE § 6–1.1–15–5(b) (2011). These actions must be taken "not later than ... forty-five (45) days after the Indiana board gives the person notice of its final determination[.]" I.C. § 6–1.1–15–5(c). The above statutes are silent as to how a party must serve the Petition. Tax Court Rule 16, however, specifies the manner of service for small tax cases such as this: "[a] copy of the notice of claim shall be served upon the Attorney General by registered or certified mail, return receipt requested." Ind. Tax Court Rule 16(C).

## ANALYSIS

The Assessor claims Idris failed to comply with Indiana Code § 6–1.1–15–5(b)(2) and Tax Court Rule 16(C) because the Clerk served a copy of the Petition on the Attorney General when Idris was required

---

**2.** The Indiana Board was the agency indicated.

**3.** The Indiana Board and the Attorney General were indicated.

to do so.[4] (*See* Hr'g Tr. at 6–7, 10–12; Resp't Mem. Supp. Mot. Dismiss (hereinafter, "Resp't Br.") at 3–4 (footnote added).) As support, the Assessor explains the certificate of service attached to Idris's Petition did not indicate that she mailed a copy of the Petition to the Attorney General.[5] (*See* Resp't Br. at 3 (footnote added).)

On the other hand, Idris asserts, and the Chronological Case Summary (CCS) confirms, that she left four copies of everything (the Petition, the Indiana Board final determination, a letter from the Assessor, and other "miscellaneous" documents) with the Clerk's office on August 3, 2011. (*See, e.g.,* Hr'g Tr. 17–18.) Moreover, Idris states that she was told that the Clerk's office would "distribute internally some of the paperwork." (*See* Hr'g Tr. at 18.) In fact, that very day (exactly 44 days after the Indiana Board provided Idris with notice of its final determination) the Clerk mailed a copy of the Petition to the Attorney General as evidenced by the Clerk's Transmittal Letter.

### Indiana Code § 6–1.1–15–5

■ The first issue before the court is not whether service was timely made, but rather whether Idris was required to serve a copy of the Petition upon the Attorney General by her own hand. The plain language of Indiana Code § 6–1.1–15–5(b)(2)(B) requires a party to serve the Attorney General, but is silent as to how that party is to do so. Thus, the statute's silence as to the method of service indicates its concern is not how service is accomplished, but rather that it is made. *See e.g., Whetzel v. Dep't of Local Gov't Fin.,* 761 N.E.2d 904, 908 (Ind. Tax Ct.2002) (explaining that when construing statutes, it is equally as important to recognize what they do not say as it is to recognize what they do say) (citation omitted). Here, Idris admits she did not personally deliver or mail a copy of the Petition to the Attorney General. Nevertheless, Idris went into the Clerk's office, filed a copy of her Petition, and indisputably triggered the Clerk's process of transmitting a copy of the Petition to the Attorney General. *See* Ind. Trial Rule 4.11 ("the clerk of the court ... shall send the summons and complaint to the person being served at the address supplied upon the summons, or furnished by the person seeking service"). Thus, the Court concludes that Idris satisfied the requirements of Indiana Code § 6–1.1–15–5. *See Holsapple v. Monroe Cnty. Assessor,* 918 N.E.2d 783, 785 (Ind. Tax Ct.2010) ("it matters not who mails the documents, but rather that the documents are mailed within the prescribed time period") (citation omitted).

### Tax Court Rule 16

■ The Assessor also claims that Tax Court Rule 16 requires the dismissal of Idris's original tax appeal. The Rule provides that the Attorney General must be

---

4. While the Assessor indicated that Idris was required to serve the Attorney General by August 7, 2011, Idris actually had until Monday, August 8, 2011, to effect service because August 7 fell on a Sunday. *See* Ind. Trial Rule 6(A) (extending a deadline to the next business day if the due date falls on a weekend).

5. The Assessor also argues that Idris cannot fulfill her service requirement by relying on the Clerk's duty to "promptly transmit copies of a petition" to the Attorney General under

Tax Court Rule 4(A)(1) because the Rule states that "[n]othing in this rule shall relieve a party from complying with statutory requirements for bringing an original tax appeal." (*See* Hr'g Tr. at 5–15 (*citing* Ind. Tax Court Rule 4(A)(1)); Resp't Mem. Supp. Mot. Dismiss at 3–4.) The Assessor, however, is incorrect because that provision of the Rule applies only to appeals from final determinations from the Department of State Revenue and the Department of Local Government Finance.

served "by registered or certified mail, return receipt requested." Tax Ct. R. 16(C). Thus, the issue here is whether dismissal is appropriate when service is accomplished by some other means. The purpose of this Rule is to ensure that there is evidence of both service and receipt. This evidence is present here in both the Transmittal Letter and the Assessor's own acknowledgement that a copy of the Petition was mailed to and received by the Attorney General within the statutorily prescribed period. Accordingly, dismissal under Tax Court Rule 16 is not warranted. *See, e.g., City of New Haven v. Ind. Suburban Sewers, Inc.,* 257 Ind. 609, 277 N.E.2d 361, 362 (1972) (explaining the "law of this state will disregard the technical requirement of notice, insofar as it was required to invoke jurisdiction of the person, if the party complaining had actual notice and participated in the proceedings").

## CONCLUSION

Idris's reliance on the Clerk as the means to effect service did not run afoul of statutory requirements for initiating an original tax appeal under Indiana Code § 6–1.1–15–5 because that statute recites no preference for any particular method of service.[6] Moreover, while Idris's method of service admittedly did not comply with Tax Court Rule 16(C), it was consistent with the spirit and purpose of the rule. Finally, the Court's conclusion is consistent with its prior decisions that reasoned that the decisive inquiry for proper service is whether the documents to be served were timely mailed, not *who* mailed them. *See Holsapple,* 918 N.E.2d at 785; *Indiana Model,* 639 N.E.2d 695, 698 n. 4. Therefore, the Court DENIES the Assessor's Motion in its entirety.

SO ORDERED.

6. Idris's relying on service by the Clerk was risky, given that nothing within Tax Court Rule 4 required the Clerk to forward her Petition to the Attorney General within the period prescribed under Indiana Code § 6–1.1–15–5. *See Indiana Model Co., Inc. v. State Bd. of Tax Comm'rs,* 639 N.E.2d 695, 698 (Ind. Tax Ct.1994).