ATTORNEY FOR PETITIONERS:
**MARGARET L. SMITH**
FROST BROWN TODD LLP
Indianapolis, IN

ATTORNEY FOR RESPONDENT:
**MARILYN S. MEIGHEN**
ATTORNEY AT LAW
Carmel, IN

FILED
Mar 27 2024, 4:17 pm
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE
# INDIANA TAX COURT

BRIAN J. SHAPIRO and )
SARAH K. SHAPIRO, )
          )
    Petitioners, )
          )
        v. )   Cause No. 22T-TA-00006
          )
HAMILTON COUNTY ASSESSOR, )
          )
    Respondent. )

ON APPEAL FROM A FINAL DETERMINATION OF
THE INDIANA BOARD OF TAX REVIEW

**FOR PUBLICATION**
**March 27, 2024**

WENTWORTH, Senior Judge

Brian J. Shapiro and Sarah K. Shapiro challenge the Indiana Board of Tax Review's final determination that found their Indiana property was ineligible for Indiana's homestead deduction during the 2017 through 2020 tax years. Upon review, the Court affirms the Indiana Board's final determination in part.

**FACTS AND PROCEDURAL HISTORY**

In 1991, the Shapiros purchased a single-story residence situated on an acre of land in the city of Zionsville, Hamilton County, Indiana (the "Indiana Property"). (See Cert. Admin. R. at 43-45, 114.) This property was titled in both of the Shapiros' names

as husband and wife and served as their martial residence.  (See Cert. Admin. R. at 43, 110.)  From 2017 through 2020, the Shapiros' Indiana Property received Indiana's homestead deduction.  (See, e.g., Cert. Admin. R. at 55-57, 63.)

In June of 1996, Mrs. Shapiro purchased realty in Leelanau County, Omena, Michigan (the "Michigan Property"), titling the property in her name alone.  (See Cert. Admin. R. at 39, 46-50, 114-15.)  Mrs. Shapiro refinanced the Michigan Property in January 2016 and executed a quitclaim deed to transfer title of the Michigan Property to both of the Shapiros.  (See Cert. Admin. R. at 40, 110.)  That same year, the Shapiros executed another quitclaim deed, restoring exclusive ownership of the Michigan Property to Mrs. Shapiro.  (See Cert. Admin. R. at 41, 110.)  Subsequently, Mrs. Shapiro applied for and received Michigan's principal residence exemption (the "Michigan PRE") for the Michigan Property for the 2017 through 2020 tax years.  (See Cert. Admin. R. at 46-49, 114-15.)

At some point in 2020, the Hamilton County Auditor contracted with Tax Management Associates, a company "well versed in multiple states['] laws and residency-based benefits[,]" to review the county's homestead deductions.  (See Cert. Admin. R. at 115.)  Based on the information Tax Management Associates provided, the Auditor sent a letter to the Shapiros in November 2020 to verify their eligibility for the homestead deduction on their Indiana Property for 2017 through 2019.  (See Cert. Admin. R. at 50, 55-57, 114-15.)  The next month, the Auditor notified the Shapiros that she had removed their homestead deductions for those years because the Indiana Property was not their principal place of residence during that time.  (See Cert. Admin. R. at 58.)  The Assessor also advised the Shapiros that they owed $12,319.57 in

additional property taxes and penalties on the Indiana Property that they must remit before January 13, 2021. (See Cert. Admin. R. at 58-62.) Subsequently, the Auditor also removed the homestead deduction from their Indiana Property for the 2020 tax year.[1] (See, e.g., Cert. Admin. R. at 3-4, 6-7, 109.)

Believing the Auditor erred by removing their Indiana homestead deductions, the Shapiros sought review, first with the Hamilton County Property Tax Assessment Board of Appeals and then with the Indiana Board. (See Cert. Admin. R. at 1-29.) The Shapiros elected to have their Indiana Board proceedings conducted under the Indiana Board's small claim procedures. (See, e.g., Cert. Admin. R. at 1-2, 108.)

On October 19, 2021, the Indiana Board held a hearing on the matter during which Mr. Shapiro appeared on behalf of the Shapiros. (See Cert. Admin. R. at 108-10.) Mr. Shapiro testified that he and his wife have been married since 1989, have continuously resided in Indiana to operate Shapiro's Delicatessen in Indianapolis, and have always paid their Indiana property and income taxes. (See Cert. Admin. R. at 110-12.) Mr. Shapiro further explained that his wife had lived in Michigan since 2016, where she has voted, paid taxes, maintained a driver's license, and currently "lives . . . [for] over 200 days a year."[2] (See Cert. Admin. R. at 110-11.) The Shapiros maintained that

---

[1] The certified administrative record contains few details regarding the removal of the 2020 homestead deduction from the Indiana Property. (See Cert. Admin. R. at 1-123.)

[2] Mr. Shapiro requested that the parties be permitted to file a "legal brief" 30 days after the hearing to ensure that the undisputed facts were properly applied to the "confusing" Indiana and Michigan laws. (See Cert. Admin. R. at 112, 119-21.) The administrative law judge presiding over the hearing granted Mr. Shapiro's request, explaining that the parties' briefs "may not . . . include any new factual information that was[ not] submitted during the hearing either through testimony or exhibits[.]" (See Cert. Admin. R. at 120, 122.) Despite this warning, the Shapiros' post-hearing brief contained new factual assertions and citations to new evidence. (Compare Cert. Admin. R. at R. Contents (listing the documentary evidence) and 107-23 (hearing transcript) with 85-86, 89, 92-94 (portions of the Shapiros' brief).)

they were eligible for Indiana's homestead deduction between 2017 and 2020 because the Michigan PRE, which Mrs. Shapiro received for her Michigan Property, was not "equivalent" to the homestead deduction under Indiana Code § 6-1.1-12-37(f) ("Subsection F").[3]  (See Cert. Admin. R. at 85-94.)

The Hamilton County Assessor responded that the Shapiro's Indiana Property was not eligible, however, for Indiana's homestead deduction under Indiana Code § 6-1.1-12-37(n) ("Subsection N") because the Michigan PRE and Indiana's homestead deduction are "substantially similar" – each "exempt[ing] a principal residence from property taxes based upon the value of that residence."  (See Cert. Admin. R. at 121-22.)  (See also Cert. Admin. R. at 81-82 (stating both are residency based and remove part of the home's value from taxation so property taxes are lowered).)  Moreover, the Assessor acknowledged that "spouses may have separate principal places of residence but [to be eligible for Indiana's homestead deduction,] neither spouse can have an ownership interest in the other spouse's residence[, as here.]"  (See Cert. Admin. R. at 81.)

On February 17, 2022, the Indiana Board issued its final determination, finding first that the Indiana Property was not eligible for the homestead deduction under Subsection N because Mrs. Shapiro had an ownership interest in both the Indiana Property and the Michigan Property during the years at issue.  (See Cert. Admin. R. at 105 ¶ 14.)  The Indiana Board then found the Shapiros' Indiana Property ineligible for

---

[3] The Shapiros also claimed, among other things, that Michigan's homestead property tax credit did not support the removal of Indiana's homestead deduction because 1) it primarily involves income taxes and 2) Mrs. Shapiro did not receive the credit between 2017 and 2020.  (See Cert. Admin. R. at 90-91.)  The Assessor ultimately agreed that Michigan's homestead property tax credit was not relevant to resolving the issues in this case.  (See Cert. Admin. R. at 82.)

4

the homestead deduction under Subsection F on the basis that Mrs. Shapiro's Michigan Property received the Michigan PRE, an exemption "equivalent" to Indiana's homestead deduction. (See Cert. Admin. R. at 105 ¶ 14.) The Indiana Board clarified that the Legislature used the word "equivalent" to mean "substantially similar" because if "equivalent" meant "identical," Indiana's homestead deduction "would never be applied." (See Cert. Admin. R. at 105 ¶ 14.)

On March 31, 2022, the Shapiros initiated this original tax appeal. The Court took the case under advisement on December 8, 2022. Additional facts will be supplied when necessary.

## STANDARD OF REVIEW

The party seeking to reverse an Indiana Board final determination bears the burden of demonstrating its invalidity. Lowe's Home Ctrs., Inc. v. Monroe Cnty. Assessor, 160 N.E.3d 263, 268 (Ind. Tax Ct. 2020). Consequently, the Shapiros must demonstrate to the Court that the Indiana Board's final determination in this matter is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity; in excess of or short of statutory jurisdiction, authority, or limitations; without observance of the procedur required by law; or unsupported by substantial or reliable evidence. IND. CODE § 33-26-6-6(e)(1)-(5) (2024).

## LAW

All real property in Indiana is subject to assessment and taxation on the statutorily prescribed assessment date. See IND. CODE § 6-1.1-2-1 (2017). During the

5

years at issue, "a homestead[4] [was] eligible for a standard deduction from the assessed value of the homestead" on the annual January 1 assessment date. See IND. CODE § 6-1.1-12-37(b) (2017) (footnote added); IND. CODE § 6-1.1-2-1.5(a)(2) (2017). The homestead deduction removed the amount of property tax liability attributable to the homestead's assessed value up to $45,000. See I.C. § 6-1.1-12-37(b)-(c). Subsections F and N detail specific circumstances under which individuals or married couples become ineligible for a homestead deduction.

The version of Subsection F effective for the 2017 assessment date states:

> If an individual who is receiving the deduction provided by this section or who otherwise qualifies property for a deduction under this section:
>
> * * * * *
>
> (2) is no longer eligible for a deduction under this section on another parcel of property because:
>
>> (A) the individual would otherwise receive the benefit of more than one (1) deduction under this chapter; or
>>
>> (B) the individual maintains the individual's principal place of residence with another individual who receives a deduction under this section;
>
> the individual must file a certified statement with the auditor of the county, notifying the auditor of the change of use, not more than sixty (60) days after the date of that change.

I.C. § 6-1.1-12-37(f).

Several amendments to Subsection F followed, which newly included the word "equivalent" as a standard for determining eligibility. The versions of Subsection F that

---

[4] The word "homestead" was statutorily defined as an individual's principal place of residence in Indiana, "consist[ing] of a dwelling and the real estate, not exceeding one (1) acre, that immediately surround[ed] that dwelling." IND. CODE § 6-1.1-12-37(a)(2) (2017).

were effective during the 2018 through 2020 tax years all stated the following:

> Except as provided in subsection (n), if a person who is receiving, or seeks to receive, the deduction provided by this section in the person's name:
>
> * * * * *
>
> (2) is not eligible for a deduction under this section because the person is already receiving:
>
>> (A) a deduction under this section in the person's name as an individual or a spouse; or
>>
>> (B) a deduction under the law of another state that is <u>equivalent</u> to the deduction provided by this section;
>
> the person must file a certified statement with the auditor of the county, notifying the auditor of the person's ineligibility, not more than sixty (60) days after the date of the change in eligibility.

<u>See, e.g.</u>, Pub. L. No. 255-2017, § 13 (eff. July 1, 2017) (emphasis added).

While indicating that generally only one homestead deduction is available to a married couple, Subsection N specifies an exception that would allow each spouse to claim a separate homestead deduction on different properties:

> A county auditor shall grant an individual a deduction under this section regardless of whether the individual and the individual's spouse claim a deduction on two (2) different applications and each application claims a deduction for different property <u>if</u> the property owned by the individual's spouse is located outside Indiana and the individual files an affidavit with the county auditor containing the following information:
>
> (1) The names of the county and state in which the individual's spouse claims a deduction <u>substantially similar</u> to the deduction allowed by this section.
>
> (2) A statement made under penalty of perjury that the following are true:
>
>> (A) That the individual and the individual's spouse maintain separate principal places of residence.

7

(B) That neither the individual nor the individual's spouse has an ownership interest in the other's principal place of residence.

(C) That neither the individual nor the individual's spouse has, for that same year, claimed a standard or <u>substantially similar</u> deduction for any property other than the property maintained as a principal place of residence by the respective individuals.

I.C. § 6-1.1-12-37(n) (emphases added).

## ANALYSIS

On appeal, the Shapiros contend that the Indiana Board's final determination that found them ineligible for Indiana's homestead deduction in 2017 through 2020 must be reversed because it is arbitrary and capricious and contrary to law. (<u>See, e.g.</u>, Pet'rs' Br. at 33.) The Shapiros explain that the Indiana Board contravened several rules of statutory construction and the separation of powers doctrine by treating two "irreconcilably incompatible" terms (<u>i.e.</u>, "equivalent" as used in Subsection F and "substantially similar" as used in Subsection N) as if they were interchangeable and imposed the same requirements. (<u>See</u> Pet'rs' Br. at 21-33.) The Shapiros further maintain that as a result of this misinterpretation, the Indiana Board ignored critical differences between Indiana's homestead deduction and the Michigan PRE, thereby failing to consider the dispositive evidence[5] that Indiana's homestead deduction and the

---

[5] The Shapiros' briefs refer to various facts and evidence that are not included in the certified administrative record. (<u>Compare</u> Pet'rs' Br. at 5-36 <u>with</u> Cert. Admin. R. at 1-123.) The Court will not consider any facts or evidence outside the certified administrative record in resolving this appeal. <u>See, e.g.,</u> <u>Idris v. Marion Cnty. Assessor</u>, 12 N.E.3d 331, 333 n.7 (Ind. Tax Ct. 2014) (declining to consider newly presented exhibits that were not admitted into evidence during the administrative proceedings).

8

Michigan PRE are not equivalent.[6]  (See, e.g., Pet'rs' Br. at 27-28; Pet'rs' Reply Br. at 4-18.)

In response, the Assessor does not attempt to refute the Shapiros' claim that the Indiana Board misconstrued the term "equivalent" used in Subsection F.  (See Resp't Br. at 5-14.)  Instead, the Assessor argues that the Shapiros did not meet their burden to show that Indiana's homestead deduction and the Michigan PRE are not equivalent, stating that "[t]he Indiana Board's application of the law in this case was reasonable and should be affirmed."[7]  (See Resp't Br. at 9-14.)

The parties agree that Subsection F, which uses the word "equivalent" as the standard for comparison in 2018 through 2020, controls the resolution of this case.  The outcome for those tax years therefore depends on the meaning of the word "equivalent" as it is used in Subsection F.  (Compare, e.g., Pet'rs' Br. at 27-33 with Resp't Br. at 12-14.)

For the January 1, 2017 assessment date, however, Subsection F did not include the word "equivalent" as the standard for eligibility.  The amendment to Subsection F enacted by Public Law 255-2017 § 13 was effective on July 1, 2017; therefore, the "equivalent" standard applies only to the 2018 through the 2020 assessment dates, not

---

[6] The Shapiros also claimed that they were entitled to the homestead deduction between 2017 and 2020 because Indiana's homestead deduction and Michigan's homestead property tax credit were not equivalent. (See Pet'rs' Br. at 11-15, 33-34.)  The Court does not consider this claim because Michigan's homestead property tax credit had no bearing on the Indiana Board's final determination. (See Cert. Admin. R. at 102-06.)  See also supra note 3 (providing that during the administrative proceedings, the parties agreed that the Michigan homestead property tax credit was not relevant to the resolution of this case).

[7]  As is the case with the Shapiros' brief, the Court will not consider the portions of the Assessor's brief that refer to evidence that is not included in the certified administrative record. (Compare Resp't Br. at 7, 12 with Cert. Admin. R. at 1-123.)

9

the January 1, 2017 assessment date.  See Pub. L. No. 255-2017, § 13; see also Izaak Walton League of Am. v. Lake Cnty. Prop. Tax Assessment Bd. of Appeals, 881 N.E.2d 737, 741 (Ind. Tax Ct. 2008) (providing that "[s]tatutes and statutory amendments are to be given prospective effect only, unless the legislature has unambiguously and unequivocally intended retroactive effect as well") (citation omitted).  Consequently, the determination for 2017 will consider the plain language of the homestead deduction statute as it stood on the January 1, 2017, assessment date, without regard to the language of the subsequent amendments to Subsection F.

### The 2017 homestead deduction

For the 2017 assessment date, Subsection F states, among other things, the general rules that an individual is not eligible for multiple homestead deductions and cannot receive a separate homestead deduction if the individual's principal place of residence is with another who already receives one.  I.C. § 6-1.1-12-37(f)(2).  Subsection N provides a narrow exception to Subsection F, allowing a homestead deduction on an individual's Indiana principal residence when the individual's spouse has a substantially similar deduction on an out-of-state principal residence, providing certain conditions are met.  See I.C. § 6-1.1-12-37(n).  Specifically, an individual must file an affidavit with the county auditor that attests, among other things, "[t]hat neither the individual nor the individual's spouse has an ownership interest in the other's principal place of residence."  I.C. § 6-1.1-12-37(n)(2)(B).  The certified administrative record reveals that the Shapiros did not file an affidavit for any of the years at issue, nor could they have done so because Mrs. Shapiro had an ownership interest in both the Indiana Property and the Michigan Property in 2017.  (See Cert. Admin. R. at 41, 43,

10

92-94, 110.)  Accordingly, the Shapiros were ineligible for the homestead deduction during the 2017 tax year.

### The 2018 through 2020 homestead deductions

The Court agrees with the parties that the meaning of the word "equivalent," as used in Subsection F in 2018 through 2020, controls the resolution of the appeal for those years.  (Compare, e.g., Pet'rs' Br. at 27-33 with Resp't Br. at 12-14.)  The Shapiros claim it means "virtually identical," while the Assessor maintains that it means "substantially similar."  (Compare, e.g., Pet'rs' Br. at 27-33 with Resp't Br. at 12-14.)  The Court first will construe the meaning of the word "equivalent" as used in Subsection F and then compare whether the Michigan PRE and Indiana's homestead deduction are "equivalent."

### Meaning of "Equivalent" in Subsection F

Interpreting the meaning of a statute is a pure question of law that the Court reviews de novo without deferring to the Indiana Board's legal conclusions.  See Ingredion, Inc. v. Marion Cnty. Assessor, 184 N.E.3d at 739, 741-42 (Ind. Tax Ct. 2022), review denied; Marion Cnty. Assessor v. Kohl's Indiana, LP, 179 N.E.3d 1, 7 (Ind. Tax Ct. 2021), review denied.  The Court's primary function when confronted with a question of statutory construction, as here, is therefore to determine and implement the intent of the Legislature, which is best ascertained from the actual language of the statute itself.  Johnson Cnty. Farm Bureau Coop. Ass'n v. Indiana Dep't of State Revenue, 568 N.E.2d 578, 580-81 (Ind. Tax Ct. 1991), aff'd, 585 N.E.2d 1336 (Ind. 1992).

The General Assembly instructs that a statute's "[w]ords and phrases be taken in their plain, or ordinary and usual, sense[,]" unless the construction is contrary to the

11

intent of the Legislature or the context of the statute. IND. CODE § 1-1-4-1 (2017). Accordingly, the Court will determine the plain, ordinary, and usual meaning of the undefined statutory term "equivalent" by consulting English language dictionaries. See, e.g., Moriarity v. Indiana Dep't of Nat. Res., 113 N.E.3d 614, 621 (Ind. 2019); Buckeye Hosp. Dupont, LLC v. O'Day, 144 N.E.3d 850, 856 (Ind. Tax Ct. 2020).

Webster's Dictionary defines "equivalent" as "equal in force or amount[,]" "like in signification or import[,]" and "corresponding or virtually identical esp[ecially] in effect or function[.]" WEBSTER'S THIRD NEW INT'L DICTIONARY 769 (2002 ed.). In Black's Law Dictionary the word "equivalent" is defined as: "1. Equal in value, force, amount, effect, or significance. 2. Corresponding in effect or function; nearly equal; virtually identical." BLACK'S LAW DICTIONARY 682 (11th ed. 2019). Importantly, neither authority defines the word "equivalent" to mean "identical."

The same dictionaries do not define the phrase "substantially similar," but do define each word individually. Webster's Dictionary defines the word "substantial" as "considerable in amount, value, or worth" and the word "substantially" as "in a substantial manner" or "so as to be substantial[.]" WEBSTER'S THIRD NEW INT'L DICTIONARY 2280. See also BLACK'S LAW DICTIONARY at 1728 (defining "substantial" as "[c]onsiderable in extent, amount, or value; large in volume or number"). The word "similar" is defined as two or more items that "hav[e] characteristics in common[, are] "very much alike[,]" or are "comparable[.]" WEBSTER'S THIRD NEW INT'L DICTIONARY at 2120.

These dictionary definitions of the word "equivalent" and the phrase "substantially similar" suggest a kinship between them because both are used as standards for

12

comparison. But just as clearly, the definitions are distinct and do not overlap, indicating that they do not have the same or identical meaning. The Legislature chose the word "equivalent" as the standard for comparison in Subsection F, and it chose a different term, "substantially similar," as the standard for comparison in Subsection N. It could have used the same word or term in each subsection to indicate the same level of relationship was required in both, but it did not. The Legislature's use of two distinct terms in different sections of the same statute directs the Court to conclude that the Legislature did not intend them to have the same meaning. See, e.g., Hutcherson v. Ward, 2 N.E.3d 138, 142 (Ind. Tax Ct. 2013) (providing that the Court may not expand or contract the meaning of a statute by either reading into it language to correct supposed omissions or defects or substituting language that it feels the Legislature may have intended). Consequently, the word "equivalent" as used in Subsection F means "virtually identical," not "identical" or "substantially similar."

**Are the Michigan PRE and Indiana's Homestead Deduction "Equivalent"**

The Shapiros contend that the Michigan PRE and Indiana's homestead deduction are not "equivalent." They explain that unlike Indiana's homestead deduction, the Michigan PRE: (1) is an exemption; (2) has "the limited purpose of exempting a principal residence 'from [just] the [very specific school] tax levied by a local school district[,]'" and (3) "does not affect the amount of state property taxes paid[,] the assessed value of property[,]" or the equalization process for real property in Michigan. (See Pet'rs' Br. at 5-6, 15-17 (emphasis omitted), 34-36; Pet'rs' Reply Br. at 6, 14-16.) They also allege that a finding that the homestead deduction and the Michigan PRE are not virtually identical would further sound public policy because "allowing Hoosiers to

13

claim the homestead deduction on [their] Indiana property[,] unless they are claiming the identical deduction" on an out-of-state property, encourages home ownership within the State, fills the State's coffers with revenue from property, income, and sales taxes, and levels the playing field for married and non-married persons. (See, e.g., Pet'rs' Reply Br. at 6-7, 16-18.)

Upon examination, however, the Shapiros' arguments demonstrate merely that the Michigan PRE and Indiana's homestead deduction are not identical, failing to provide a factual basis that shows they are not equivalent, i.e., not virtually identical. Indeed, each of the comparisons urged by the Shapiros reveals the Michigan PRE and Indiana's homestead deduction are virtually identical in both effect and function.

First, the Shapiros argue that an exemption is different than a deduction, and therefore, Indiana's homestead deduction and the Michigan PRE are not equivalent. While it is true that an exemption and a deduction are not identical, the plain language of each statute demonstrates that each functions in a virtually identical manner by granting property tax relief to the owner's principal place of residence within each state. See I.C. § 6-1.1-12-37(a)-(c); MCL § 211.7cc(1), (4) (2018) (amended 2018). Compare also, e.g., Schiffler v. Marion Cnty. Assessor, 184 N.E.3d 726, 728 (Ind. Tax Ct. 2022) (indicating that the homestead deduction typically removes the first $45,000 of a primary residence's assessed value from property taxation), review denied; Kellam v. Fountain Cnty. Assessor, 999 N.E.2d 120, 122 (Ind. Tax Ct. 2013) (defining "principal place of residence"), review denied; 50 IND. ADMIN. CODE 24-2-5 (2018) (defining "principal place of residence") with MCL § 380.1211(1) (2018) (indicating that the Michigan PRE

14

reduces the tax liability on a home by lowering the mills[8]); MCL § 211.7dd(c) (2018) (defining "principal residence" for the Michigan PRE).

Second, the Shapiros claim that the Michigan PRE is not equivalent to Indiana's homestead deduction because it is limited to removing liability for very specific school taxes levied by local school districts. Indiana's homestead deduction is broad in scope because it impacts the revenues of all of the taxing units within a county, i.e., the entities that have the power to impose ad valorem property taxes. See REAL PROPERTY ASSESSMENT GUIDELINES FOR 2011 ("Guidelines") (incorporated by reference at 50 IND. ADMIN. CODE 2.4-1-2 (2018) (amended 2020)), Glossary at 22 (defining "taxing district"). In contrast, the Michigan PRE is more limited in scope because it affects the revenues of just one type of taxing unit, the local school districts in each taxing jurisdiction. See MCL § 211.7cc(1), (4); MCL § 380.1211(1). This distinction shows that the two are not identical, but does not demonstrate that they are not equivalent because they both affect local school funding. See Gary Cmty. Sch. Corp. v. Indiana Dep't of Loc. Gov't Fin., 15 N.E.3d 1141 (Ind. Tax Ct. 2014); S. Bend. Cmty. Sch. Corp. v. Lucas, 881 N.E.2d 30, 36 (Ind. Ct. App. 2008) (Riley, dissenting), trans. denied (both indicating that varying aspects of Indiana's public schools are funded through property taxes).

Third, the Shapiros argue that the Michigan PRE is not equivalent to Indiana's homestead deduction because the Michigan PRE "does not affect the amount of state property taxes paid[,] the assessed value of property[,]" or the equalization process for

---

[8] A "mill rate" or "millage rate" is "[a] tax applied to real property whereby each mill represents $1 of tax assessment per $1,000 of the property's assessed value <the mill rate for taxes in this county is 10 mills, so for a home valued at $100,000, the owner will pay $1,000 in property taxes>." BLACK'S LAW DICTIONARY 1190 (11th ed. 2019). (See also Cert. Admin. R. at 52-53 (regarding mills and millage rates in Michigan).)

15

real property in Michigan.  (See Pet'rs' Br. at 5-6, 15 (emphasis omitted).)  These claims, however, are red herrings.  Indiana's property tax is not a state property tax that is centrally assessed and collected, but is a locally assessed and collected tax like Michigan's PRE.  See Guidelines, Glossary at 3 (providing that Indiana's county and township "assessors" are the administrators charged with assessing property for ad valorem taxes); MCL § 211.10(1) (2018) (requiring Michigan's local assessing officials to determine the assessed value of all taxable real property).  Furthermore, Indiana's homestead deduction does not change a property's assessed value, but like the Michigan PRE, as discussed above, it does ultimately lower property tax liability related to a certain amount of assessed value.  Moreover, neither the homestead deduction nor the Michigan PRE affects either states' equalization process[9] because  the equalization process generally occurs before property tax bills are calculated and issued to property owners.  See e.g., IND. CODE §§ 6-1.1-14-4 to -12 (2024) and MCL §§ 211.34 to -34e (2024) (regarding each state's property tax equalization process).

The Shapiros finally urge the Court to find Indiana's homestead deduction and the Michigan PRE are not equivalent to further the public policy of encouraging home ownership in Indiana, increasing tax revenue, and leveling the playing field for married and non-married persons.  The Shapiros not only fail to cite any authority that relates

---

[9] "Equalization of assessments is the process of ensuring all property is, on the average, accurately and uniformly assessed. The equalization process can be accomplished in two ways[:] through the application of factors to correct the accuracy and through reassessment to correct non-uniformity."  2011 REAL PROPERTY ASSESSMENT MANUAL (incorporated by reference at 50 IND. ADMIN. CODE 2.4-1-2 (2018) (amended 2020)) at 15.  See also Piotrowski BK #5643, LLC v. Shelby Cnty. Assessor, 177 N.E.3d 127, 134 (Ind. Tax Ct. 2021) and Allied Supermarkets, Inc. v. City of Detroit, 216 N.W.2d 755, 758 (Mich. 1974) (indicating that each state's equalization process is designed to enhance the goal of uniformity and equality in property assessments).

16

this public policy to Indiana's homestead deduction, but also disregard Subsection N that levels the playing field for married and unmarried individuals upon complying with its terms.

Comparing those aspects of the Michigan PRE and Indiana's homestead deduction urged by the Shapiros is not the sole basis for finding they are equivalent. Other fundamental characteristics of each also support this conclusion. For example, how one obtains, retains, or becomes ineligible for either the Michigan PRE or Indiana's homestead deduction[10] indicates that they are virtually identical because all of these actions function to lower property taxes of owners with a principal place of residence in each respective state and have the effect of limiting the benefit solely to that population.

From 2018 to 2020, Mrs. Shapiro had a Michigan PRE on her Michigan principal residence, but she also had a homestead deduction on her home in Indiana as her principal residence. Subsection F prohibits a homestead deduction in this circumstance

---

[10] To obtain the Michigan PRE, a person must file an affidavit with the local tax collecting unit on a form prescribed by the Michigan Department of Treasury, which attests "that the property is owned and occupied as a principal residence by that owner of the property on the date that the affidavit is signed" and "that the owner has not claimed a substantially similar exemption, deduction, or credit on property in another state." See MCL § 211.7cc(2) (2018); Campbell v. Dep't of Treasury, 984 N.W.2d 13, 16-18 (Mich. 2022). The Michigan PRE remains on the property for succeeding years as long as the person that claimed the Michigan PRE remains eligible for the exemption. See MCL § 211.7cc(2). A person may become ineligible for the Michigan PRE if the person or the person's spouse owns a home in another state for which they claim an exemption, deduction, or credit that is substantially similar to the Michigan PRE. See MCL § 211.7cc(3)(a)-(b); see also, e.g., Campbell, 984 N.W.2d at 16-18.

To obtain Indiana's homestead deduction, a property owner must file a certified statement with a county auditor on a form prescribed by the Department of Local Government Finance, which applies to "any succeeding year for which the deduction is allowed." See I.C. § 6-1.1-12-37(e). The property owner must file another certified statement with the county auditor in the event that all or a part of the property becomes ineligible for the homestead deduction due to (1) a change in the use of the property, (2) the person already receiving a homestead deduction in the person's name as an individual or spouse, or (3) the person already receiving a deduction under the law of another state that is equivalent to the homestead deduction. I.C. § 6-1.1-12-36(f).

17

if the Michigan PRE and Indiana's homestead deduction are equivalent. Having compared the provisions of Indiana's homestead deduction to the Michigan PRE and their respective function and effect, the Court finds that although they are not identical, they are virtually identical or equivalent. Accordingly, the Shapiros were ineligible for Indiana's homestead deduction on their Indiana Property during the 2018 through 2020 tax years.

## CONCLUSION

For the foregoing reasons, the Indiana Board's conclusion that the terms "equivalent" in Subsection F and "substantially similar" in Subsection N are interchangeable is contrary to law. That said, the removal of the homestead deduction from the Shapiros' Indiana Property between 2017 and 2020 is not arbitrary and capricious or contrary to law despite the Indiana Board's misinterpretation of Subsections F and N of Indiana Code § 6-1.1-12-37. Consequently, the Indiana Board's final determination is REVERSED in part and AFFIRMED in part.